UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL BOYD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-1717** |
| **BRANDON CLAUSEN, ET AL.** | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is Plaintiff Daniel and Barbara Boyd's Motion to Remand. R. Doc. 5. The Motion is unopposed.[1]

**I. BACKGROUND**

On December 20, 2018, Plaintiffs Daniel and Barbara Boyd filed a petition individually and on behalf of their minor child, DB, in the Civil District Court for the Parish of Assumption, State of Louisiana, alleging that on October 5, 2018, DB was a passenger in a vehicle operated by Defendant DG, the minor child of Defendant Wayne Gros, Jr., the vehicle's owner. R. Doc. 1-1 ¶ 5. Plaintiffs allege DG was driving Defendant Gros's vehicle eastbound on LA 70 when DG came across Defendant Brandon Clausen, who was travelling westbound on LA 70. *Id.* Plaintiffs contend Clausen crossed the center line into the eastbound lane, causing DG to overcorrect in an attempt to avoid a collision with Clausen, thereby crossing into the westbound lane. *Id.* According to Plaintiffs, at that same time, Clausen had partially crossed back into the westbound lane. *Id.* Plaintiffs allege DG's overcorrection and

---

[1] LR 7.5 states, "Each party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." In this case, the motion to remand was set for submission on April 17, 2019, requiring Defendants' opposition, if any, to be filed by no later than April 9, 2019. Because Defendants did not file an opposition by April 9, 2019 as LR 7.5 requires, the Court considers the motion unopposed. The Court notes, however, that on April 16, 2019, Clausen filed a motion seeking to continue the submission date of Plaintiffs' motion to remand, wherein he requested the Court conduct jurisdictional discovery on the issue of DG's alleged negligence. R. Doc. 6. Because the Court concludes the

1

Clausen's negligent actions caused a head on collision between the vehicles, which sadly resulted in DB's death. *Id.*

Due to the accident, Plaintiffs allege DB "died a tortuous death" as a passenger in Defendant Gros's vehicle. *Id.* at ¶ 17. Plaintiffs bring a survival action for wrongful death and ask for a judgment against Clausen, his automobile insurance company, Defendant USAA Casualty Insurance Company ("USAA"), Defendant Gros on behalf of his minor child, DG, and Gros's insurance company, Defendant Progressive Insurance Co. ("Progressive"),[2] for "physical and mental pain, suffering and anguish; loss of enjoyment of life; loss of society and companionship; loss of love and affection; punitive damages; and other damages to be demonstrated with particularity at the trial of this matter." *Id.* at ¶ 18.

On February 25, 2019, Clausen removed the case to this Court. R. Doc. 1. In his notice of removal, Clausen contends this Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. R. Doc. 1 at ¶¶ 4-18; at ¶¶ 19–23. In his notice of removal, Clausen asserts this wrongful death action easily exceeds § 1332's $75,000 amount in controversy requirement. *Id.* at ¶ 23. Clausen further asserts he is domiciled in Clark, South Dakota; Defendant USAA is domiciled in Texas; and Plaintiffs are residents and domiciliaries of Louisiana, R. Doc. 1 at ¶¶ 15–17, but acknowledges that diversity does not exist as the pleadings currently stand, as Defendant Gros, like Plaintiffs, is a Louisiana domiciliary. Instead, Clausen argues Plaintiffs improperly named Gros to this action for the sole purpose of defeating diversity. *Id.* at ¶¶ 17, 23. Clausen contends Plaintiffs' allegation that he "principally caused" the collision in the petition for damages support his position that Defendant Gros was

---

allegations against DG in Plaintiffs' petition, standing alone, state a claim against DG for negligence, the Court finds discovery is unnecessary and will deny the motion without prejudice as moot.

[2] Defendant Gros and Progressive have yet to make an appearance before the Court in these proceedings.

improperly named. *Id.* at ¶ 12. Furthermore, Clausen asserts that the facts in the case do not support a reasonable possibility of recovery against Defendant Gros because the police accident report does not indicate any fault on the part of DG. *Id.* at ¶ 13. Accordingly, Clausen asserts Defendant Gros has been improperly joined and his Louisiana citizenship should not be considered; therefore, Defendants contend the diversity requirement is satisfied in this case. R. Doc. 1 at ¶ 6, 13 (citing *Irizarry v. Lawson*, No. 17-0958, 2017 WL 4684740, at *3 (E.D. La. Oct. 19, 2017)).

## II. PRESENT MOTION

On March 20, 2019, Plaintiffs filed a Motion to Remand, arguing the Court lacks diversity jurisdiction over this action as both they and Defendant Gros are citizens of Louisiana. R. Doc. 5-1 at 4–5. Although the motion is unopposed, the Court nevertheless has the obligation to assess its merit. *Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

## III. LAW & ANALYSIS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). If a federal court would have had original jurisdiction, a defendant may generally remove the case to federal court. In the present case, Clausen asserts this Court has original jurisdiction over the suit pursuant to 28 U.S.C. § 1332, which provides "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

The removing party bears the burden of establishing that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular &*

3

*Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). "To determine whether jurisdiction is present for removal, [the court should] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute should be strictly construed in favor of remand. *Id*. (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

The only jurisdictional issue remaining in this case is whether diversity of citizenship existed at the time of removal. When diversity does not exist at the time of removal because the plaintiff names a non-diverse party, a defendant may nevertheless remove the case if the non-diverse party was improperly or fraudulently joined. However, "[t]he removing party carries a heavy burden when attempting to prove fraudulent joinder." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995)). The removing party must prove there is no possibility the plaintiff can establish a cause of action against the in-state defendant, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *Id.* (quoting *Cavallini*, 44 F.3d at 259). "After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." *Id.* (quoting *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)). "If there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved,' then there is no fraudulent joinder." *Id.* (quoting *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2001)). This possibility, however, must be reasonable, not merely theoretical. *Id.* (citing *Badon*, 236 F.3d at 286).

In this case, it is undisputed that Plaintiffs Daniel and Barbara Boyd are Louisiana domiciliaries. The parties also do not dispute the Louisiana citizenship of Defendant Gros.

Thus, the Court determines, based on the allegations in the petition, whether there is any reasonable basis for recovery under Louisiana tort law by Plaintiffs against Defendant Gros. *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003).

In their petition, Plaintiffs allege, "A proximate cause of this accident and subsequent death of [DB] was the negligence of defendant, Darian Gros, in the following particulars":

> A. Failing to see what she should have seen;
> B. Failing to heed what she saw;
> C. Failing to keep a proper lookout;
> D. Failure to maintain control of her vehicle;
> E. Being inattentive and distracted;
> F. Driving in a careless and reckless manner;
> G. Wanton and reckless disregard for the safety of others;
> H. Any and all acts pursuant to the theory of respondent superior; and,
> I. Other acts of negligence which will be proved at the trial of this matter. . . .

R. Doc. 1-1 at ¶ 12. Thus, construing the petition's allegations as true, although Plaintiffs do not allege DB was the sole cause of the accident, they contend DB's failure to be attentive while driving contributed to DB's overcorrection of the vehicle and failure to otherwise avoid the collision with Clausen.

In *Watson v. State Farm Fire and Casualty Insurance Co.*, the Louisiana Supreme Court explained that, to determine the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relationship between the conduct and the damages. 469 So. 2d 967, 974 (La. 1985). As the supreme court explained:

> In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff and considerations in determining the relative fault of the parties.

5

*Id.*

The Louisiana Second Circuit Court of Appeal evaluated these factors in the context of an accident in which a truck driven by Martin traveling eastbound entered the westbound lane of travel, causing Reed, a driver headed westbound, to overcorrect his vehicle "in an effort to avoid a head-on collision with this truck and, in doing so, ran into" a vehicle also headed westbound driven by Barnes. *Barnes v. Reed*, 32, 380 (La. App. 2 Cir. 10/29/99), 743 So. 2d 936 938–39. The Second Circuit found the trial court "unreasonably assessed 100% of the fault for this accident to Reed," despite the fact that it also concluded "the vast majority of the fault of the accident must rest with Reed," as "Reed evidently unnecessarily and negligently swerved into Mrs. Barnes' path instead of taking other available action, such as slowing or stopping, to avoid the Martin truck." *Id.* at 941–92.

The allegations in this case are similar: Plaintiffs allege DG overcorrected by entering into the westbound lane, striking Clausen, who by that time had begun to reenter the westbound lane. Although Plaintiffs contend Clausen is primarily at fault, having crossed into DG's eastbound lane, there is a reasonable possibility of recovery against DG, especially given Plaintiffs' allegation that DG was "inattentive" and "distracted" while driving.[3] Taking these allegations as true, as the Court must, the Court finds Defendant Boyd was not fraudulently joined for the sole purpose of defeating diversity. Accordingly, the Court lacks diversity subject matter jurisdiction over this matter. As a result, the Court will grant Plaintiffs' motion to remand.

## IV. CONCLUSION

For the foregoing reasons;

---

[3] In their motion to remand, Plaintiffs also attach what they contend is DB's dying declaration, in which DB states DG was "texting and driving the whole time." R. Docs. 5-4, 5-5. The Court did not consider this evidence in concluding Plaintiffs have stated a claim for negligence against Defendant Gros.

**IT IS ORDERED** that Plaintiffs Daniel and Barbara Boyd's motion to remand, R. Doc. 5, be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' request for discovery, R. Doc. 6, be and hereby is **DENIED WITHOUT PREJUDICE AS MOOT**.

New Orleans, Louisiana on this 29th day of April, 2019.

_____
Eldon E. Fallon
U.S. District Court Judge